UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -8  A 10: 24

| | |
|---|---|
| HALOX TECHNOLOGIES, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:03 CV 1008 (SRU) |
| ) | |
| v. ) | FORM 26(F) REPORT OF |
| ) | PARTIES' PLANNING MEETING |
| DRIPPING WET WATER, INC., ) | |
| RICHARD L. SAMPSON and ) | |
| ALLISON H. SAMPSON ) | |
| ) | |
| Defendant. ) | December 5, 2003 |

Date Complaint Filed: June 6, 2003
Date First Amended Complaint Filed: October 1, 2003
Date First Amended Complaint Served: October 2, 2003
Date of Defendants' Appearance: October 22, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on November 20, 2003. The participants were:

> Michael J. Rye and Charles F. O'Brien, Cantor Colburn LLP, for Plaintiff, Halox Technologies, Inc.

> Edward R. Scofield, Zeldes, Needle & Cooper, for Defendants, Dripping Wet Water, Inc., Richard L. Sampson and Allison H. Sampson.

I.  **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**

A.   Subject matter jurisdiction for Plaintiff's claims is based on 28 U.S.C. §§1332 and 1367.

B.   This court has personal jurisdiction over Defendants, Richard Sampson and Allison Sampson under the Connecticut Long Arm Statute, Conn. Gen. Stat. § 52-59b, by virtue of their employment with Halox Technologies Corporation in Connecticut and the execution and negotiation of their respective employment agreements with Halox Technologies Corporation in Connecticut. For purposes of this action DWW has chosen not to contest plaintiff's assertion that this court has jurisdiction over DWW under §33-929 by virtue of, on information and belief, it is doing business in this state and judicial district.

**III.    Brief Description Of Case**

A.   <u>Claims of Plaintiff</u>:  Plaintiff claims that Defendants, Richard L. Sampson and Allison Sampson's disclosure, taking and/or conversion of Plaintiff's ideas, designs, developments, inventions and information relating to Halox's technology for their own use and/or use by Dripping Wet Water and/or the incorporation of said Halox technology or portions thereof into United States Patent Application No. 09/919,918 entitled "Methods for making Chlorous Acid and Chlorine Dioxide" which was published on April 3, 2003 ("Patent Application"), was and is a breach of their respective Employment Agreements and respective Fidelity and Non-Competition Agreements executed by and between Richard Sampson and Allison Sampson, individually, and Plaintiff's predecessor, Halox Technologies Corporation. Plaintiff further claims that Defendants have converted for their own use, Plaintiff's ideas, designs, developments, inventions and information relating to Halox's technology, that such conversion without compensation would be unjust, that Defendants have been unjustly enriched,

2

and, as such, a constructive trust should be established on certain personal property of Defendants for the benefit of Plaintiff, including but not limited to the Patent Application. Plaintiff also claims that the Defendants have committed unfair and deceptive acts and engaged in unfair and deceptive practices in violation of Conn. Gen. Stat. §42-110b and further claim that Defendants have misappropriated Plaintiff's trade secrets in violation of Conn. Gen. Stat. §35-50, *et. seq.*

    B.   <u>Defenses and Counterclaims of Defendant</u>:  Defendants deny liability on all counts. Defendants Richard and Allison Sampson scrupulously honored the terms of their Employment and Fidelity agreements with Plaintiff. The invention that is the subject of the patent application is theirs alone, and was conceived and reduced to practice more than six months after their departure from Defendant. In addition, the Sampsons did not market any competing product until after the expiration of the one year period in the parties' agreement. To the extent that the complaint seeks injunctive relief, Defendants plan to assert a defense of laches on grounds that the conduct complained of has long been known to Plaintiff. In addition, Defendants have already moved to dismiss three common law counts on grounds that those claims are superseded by Plaintiff's statutory trade secrets claim. Finally, Defendants reserve their right to invoke the arbitration agreement between Plaintiff and the Sampsons, and to assert any other defenses that may come to light through further investigation and/or discovery.

    C.   <u>Defenses and Claims of Third Party Defendant(s)</u>: None have been asserted at or before the time of the 26(f) meeting.

**IV.   Statement Of Undisputed Facts**

    The parties stipulate to the following facts:

1.   Plaintiff, Halox Technologies, Inc. ("Halox") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 304 Bishop Avenue, Bridgeport, Connecticut.

2.   Defendant, Dripping Wet Water, Inc. ("DWW") is a corporation organized under the laws of the State of Texas with a principal place of business located at 8622 Raintree Woods Drive, Fair Oaks, Texas.

3.   Defendant, Richard L. Sampson is an individual with an address of 8622 Raintree Woods Drive, Fair Oaks, Texas.

4.   Defendant, Allison H. Sampson is an individual with an address of 8622 Raintree Woods Drive, Fair Oaks, Texas.

5.   As there is diversity among all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction pursuant to 28 U.S.C. §1332.

6.   This court has supplemental jurisdiction over state and common law claims for relief pursuant to 28 U.S.C. §1367.

7.   Halox is in the business of researching, developing, manufacturing and commercializing systems that provide a pure, continuous supply of chlorine dioxide ($ClO_2$), which is a safe microbiocide used to control the spread of water-borne infectious diseases ("Halox Technology").

8.   On May 29, 1998, Richard L. Sampson executed an Employment Agreement with Halox Technologies Corporation wherein Mr. Sampson was made, *inter alia*, Chairman of the Board of Directors and Chief Executive Officer of Halox Technologies Corporation.

9. On May 29, 1998, Allison H. Sampson executed an Employment Agreement with Halox Technologies Corporation wherein Mrs. Sampson was made Executive Vice President and Secretary of the Corporation.

10. DWW was incorporated under the laws of the State of Texas on September 11, 2001 and Richard L. Sampson and Allison H. Sampson are directors of DWW.

11. On or about August 2, 2001, Richard Sampson and Allison Sampson filed a United States Patent application, Application No. 09/919,918, which is entitled "Methods for Making Chlorous Acid and Chlorine Dioxide" ("Patent Application") in the United States Patent and Trademark Office.

12. The inventors as named on the face of the Patent Application are Richard Sampson and Allison Sampson. Both of these individuals represented to the United States Patent and Trademark Office that they were an inventor of the inventions claimed in the Patent Application and that collectively they were the only inventors of the inventions claimed in the Patent Application.

**V.    Case Management Plan**

A. <u>Standing Order on Scheduling in Civil Cases</u>

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

Motions to amend the pleadings should be allowed until February 15, 2004.

Motions to dismiss based on the pleadings should be allowed until March 15, 2004.

All discovery will be completed by October 31, 2004.

Dispositive motions should be allowed until December 15, 2004.

B.  Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  Early Settlement Conference

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.  Prior to serving the First Amended Complaint, the parties met in July of 2003 to discuss Plaintiff's claims and Defendants' position concerning those claims in an attempt to resolve the matter. As the parties were unable to resolve the matter, absent any change in Defendants' position, Plaintiff does not see any benefit to an early settlement conference. Defendants suggest, however, that an early conference might be helpful, particularly in light of the pendency of litigation in both Texas and Connecticut between these same parties.

3.  At present, the parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R. 36.

D.  Joinder of Parties and Amendment of Pleadings

1.  The parties suggest that motions to join additional parties be filed on or before February 15, 2004.

2.  The parties suggest that motions to amend the pleadings be filed on or before February 15, 2004.

E.  Discovery

1.  The parties anticipate that discovery will be needed on the following subjects: (1) the allegations of breach of contract, conversion and unjust enrichment against Defendants and the basis for establishing a constructive trust on certain personal property of Defendants for the

6

benefit of Plaintiff, which includes discovery concerning the products developed, marketed, manufactured and sold by Richard Sampson and Allison Sampson by and through Dripping Wet Water and discovery concerning the conception and reduction to practice of the inventions claimed in United States Patent Application No. 09/919,918 entitled "Methods for making Chlorous Acid and Chlorine Dioxide"; (2) the allegations that Defendants misappropriated Plaintiff's trade secrets in violation of Conn. Gen. Stat. §35-50, *et. seq.*; (3) the allegations that Defendants have committed unfair and deceptive acts and engaged in unfair and deceptive practices in violation of Conn. Gen. Stat. §42-110b; (4) damages sustained by Plaintiff as a result of the allegations of Defendants' breach of contract, conversion, unjust enrichment, and violations of Conn. Gen. Stat. §35-50, *et. seq.* and/or Conn. Gen. Stat. §42-110b; (5) discovery regarding any defenses and/or counter-claims that may be raised by Defendants.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by October 31, 2004.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the Plaintiff will require a total of 9 to 10 depositions of fact witnesses and the Defendants will require a total of 9-10 depositions of fact witnesses. The depositions will commence by January 1, 2004 and be completed by October 31, 2004.

5. The parties agree to serve no more than 25 interrogatories.

6. Both parties intend on calling expert witnesses at trial. The party bearing the burden of proof on a particular claim to which an expert will be called to testify at trial, that party shall designate all such trial experts, exclusive of damages, and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P 26(a)(2) by August 1, 2004. The other party shall

provide rebuttal reports by September 15, 2004. Depositions of all experts will be completed by October 31, 2004.

7. A damages analysis will be provided by any party who has a claim or counterclaim for damages by September 1, 2004.

F. Dispositive Motions

Dispositive motions will be filed on or before December 15, 2004.

G. Joint Trial Memorandum

The joint trial memorandum required by the standing order on trial memoranda in civil cases will be filed within thirty days of the disposition of the dispositive motions.

VI. **Trial Readiness**

The case will be ready for trial within thirty days of the disposition of the dispositive motions.

VII. **Related Proceedings**

On September 2, 2003, Defendants filed a lawsuit against Halox Technologies, Inc., Pulsafeeder, Inc. and IDEX Corporation (Cause No. 2003 CI 14039, in the 285th Judicial District for Bexar County, Texas) with causes of action alleging defamation and business disparagement ("Original Petition"). The Original Petition was forwarded by the Texas Secretary of State to Halox Technologies, Inc. ("Halox"), Pulsafeeder, Inc. ("Pulsafeeder") and IDEX Corporation ("IDEX") on October 2, 2003. On October 24, 2003, Halox, Pulsafeeder and IDEX filed a Notice of Removal in the United States District Court for the District of Western District of Texas, San Antonio Division (Civil Action No. SA 03 CA 1048 OG) based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Contemporaneously with the filing of the Notice of

Removal, Halox, Pulsafeeder and IDEX filed a Notice of Filing Notice of Removal in the aforementioned Texas state court action.

Just prior to filing the Notice of Removal, Halox, Pulsafeeder and IDEX learned that the Sampsons and Dripping Wet Water had filed a First Amended Petition in the Texas state court action which included another defendant, DXP Enterprises, Inc. ("DXP"). Halox, Pulsafeeder and IDEX allege in the Notice of Removal that the Sampsons and Dripping Wet Water fraudulently joined DXP in the Texas state court action in an attempt to destroy diversity jurisdiction.

On October 24, 2003, contemporaneous with the filing of the Notice of Removal, in the removed Federal action now pending in the United States District Court for the Western District of Texas, Halox and Pulsafeeder filed a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative to transfer for improper venue under 28 U.S.C. § 1406(a) to this Court, or in the alternative to transfer to this Court for convenience under 28 U.S.C. § 1404(a). Also on October 24, 2003, IDEX filed in said Federal action, a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative to transfer for improper venue under 28 U.S.C. § 1406(a) to this Court, or in the alternative to transfer to this Court for convenience under 28 U.S.C. § 1404(a). On November 3, 2003, DXP filed a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative to transfer for improper venue under 28 U.S.C. § 1406(a) to this Court, or in the alternative to transfer to this Court for convenience under 28 U.S.C. § 1404(a). All motions are currently pending.

## VIII. Response to the Court's Order Entered on November 26, 2003

Counsel for Defendants filed an appearance on October 22, 2003 and thus under Local Rule 26(f), the Rule 26(f) Report was due on December 1, 2003. On November 26, 2003, the Court entered an order indicating that the forty days under Local Rule 26(f) had passed and ordered that the parties file the Report on December 8, 2003. On November 20, 2003, counsel for both parties spoke concerning the contents of the Rule 26(f) Report and it was agreed that counsel for Plaintiff would provide a draft report. On Friday, November 21, 2003, counsel for Plaintiff forwarded a draft Rule 26(f) Report to opposing counsel with the intention of discussing the issues early the following week. The following week, however, was the week of Thanksgiving and the parties were unable to speak given schedules and the shortened holiday week. In addition to the shortened week, counsel for Defendants in this matter needed to confer with counsel for Defendants in the pending related actions in Texas as set forth in Section VII so as to determine if changes needed to be made to the suggested language in said Section VII.

On Monday, December 1, 2003, counsel for the parties spoke concerning the Report, but at that time counsel for Defendants had been unable to confer with counsel in Texas concerning the related actions in Texas. Counsel for the parties conferred on Tuesday, December 2, regarding the Report and counsel for Defendants forwarded a revised Report on December 3. On December 4, counsel for Plaintiff forwarded to opposing counsel, a further revised Report. After diligent efforts, the parties were able to agree upon the terms of this Report on December 5, 2003. Based on the above, the parties hereby respectfully request that this Court not impose sanctions on either party.

//

//

As officers of the court, undersigned counsel agree to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.

For Plaintiff,

_____
Michael J. Rye (ct 18354)
Charles F. O'Brien (ct 22074)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

Date: __12/05/03__

For Defendants,

_____
Edward R. Scofield (ct 00455)
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Post Office Box 1740
Bridgeport, Connecticut 06601
Telephone: (203) 333-9441
Facsimile: (203) 333-1489

Date: __12/05/03__

11

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the Form 26(f) Report of Parties' Planning Meeting was served via facsimile and First Class mail on this 5th day of December, 2003 upon:

                      Edward R. Scofield, Esq.
                      Zeldes, Needle & Cooper, P.C.
                      1000 Lafayette Blvd., Suite 500
                      Bridgeport, Connecticut 06604
                        Facsimile: (203) 333-1489

                      By: _____
                             Charles F. O'Brien, Esq.