UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

HALOX TECHNOLOGIES, INC.,

    Plaintiff,

v.

DRIPPING WET WATER, INC.,
RICHARD L. SAMPSON and
ALLISON H. SAMPSON,

    Defendants.

**ORIGINAL**

Civil Action No. 3:03 CV 01008 (SRU)

FILED 2003 DEC -4 A 9:41

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Michael J. Rye (ct 18354)
Charles F. O'Brien (ct 22074)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

*Attorneys for Plaintiff,*
HALOX TECHNOLOGIES, INC.

**ORAL ARGUMENT REQUESTED**

I.  **BACKGROUND**

Halox Technologies, Inc.'s First Amended Complaint comprises causes of action for: conversion, unjust enrichment and the imposition of a constructive trust against Richard L. Sampson, Allison H. Sampson (sometimes referred to herein as the "Sampsons") and Dripping Wet Water, Inc. (Counts One, Two and Three, respectively); breach of contract against Richard L. Sampson and Allison H. Sampson (Counts Four and Five, respectively); violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110b, against Richard L. Sampson, Allison H. Sampson and Dripping Wet Water, Inc. (Counts Six, Seven and Eight, respectively); and violations of the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. §35-50, *et. seq*, against Richard L. Sampson, Allison H. Sampson and Dripping Wet Water, Inc. (Counts Nine, Ten and Eleven, respectively).

Despite the breadth of the causes of action, in their motion to dismiss, Defendants attempt to unduly limit the scope of the First Amended Complaint to the single claim that Defendants have misappropriated Halox's trade secrets. Defendants' Memorandum, p. 4. Although trade secret misappropriation claims have been made in Counts Nine, Ten and Eleven, the other claims in the First Amended Complaint, specifically those at issue in Defendants' motion (i.e. claims of conversion, unjust enrichment and the imposition of a constructive trust in Counts One, Two and Three), do not depend upon Defendants' misappropriation of Halox's trade secrets and thus are not preempted by the Connecticut Uniform Trade Secrets Act ("CUTSA").

Halox Technologies, Inc., the successor-in-interest of Halox Technologies Corporation, is in the business of researching, developing, manufacturing and commercializing systems that provide a pure, continuous supply of chlorine dioxide ($ClO_2$), which is a safe microbiocide used to control the spread of water-borne infectious diseases ("Halox Technology"). First Amended

1

Complaint ("Complaint") ¶ 9 and ¶¶ 54 - 57.  Halox researches, develops and manufactures systems using the Halox Technology and sells those systems throughout the world for applications that include water storage systems, cooling towers, air conditioning units in hotels, schools, apartment and commercial buildings, and health care facilities including hospitals. Complaint ¶ 10.

In 1998, Richard L. Sampson and Allison H. Sampson each executed an Employment Agreement with Halox Technologies Corporation wherein Mr. Sampson was made Chairman of the Board of Directors and Chief Executive Officer of Halox Technologies Corporation and Mrs. Sampson was made Executive Vice President and Secretary of Halox Technologies Corporation. Complaint ¶¶ 11 and 25.  Contemporaneous with executing their respective Employment Agreements, the Sampsons each executed an Employee Fidelity and Non-Competition Agreement. Complaint ¶¶ 12 and 26.

Under the material portions of the Sampsons' respective Employee Fidelity and Non-Competition Agreements, both agreed to the following:

- to refrain from using any of the confidential or proprietary information or work product of Halox except as necessary during the course of their employment and refrain from disclosing such information to third parties, Complaint ¶¶ 14 and 28;
- to refrain from using any of the confidential or proprietary information or work product of Halox in any subsequent business activity, Complaint ¶¶ 15 and 29;
- for a period of one year following the termination of employment with Halox, to refrain from soliciting customers of Halox for the purchase of competing products or services, Complaint ¶¶ 16 and 30;

2

- for a period of one year following the termination of employment with Halox, to refrain from competing with Halox in any geographical area in which Halox is actively engaged, Complaint ¶¶ 17 and 31;

- to communicate to Halox and preserve as confidential or proprietary information, all inventions relating to the business of Halox conceived and/or reduced to practice by either, Complaint ¶¶ 18 and 32;

- all inventions relating to the business of Halox conceived or reduced to practice by either or both of the Sampsons within six months subsequent to the termination of employment with Halox shall conclusively be deemed to have been conceived or reduced to practice during the respective term of employment, Complaint ¶¶ 19 and 33; and

- to cooperate with Halox, during and subsequent to employment with Halox, to obtain and maintain for Halox patents or other rights for such inventions and that all such inventions and patents pertaining thereto shall be owned by Halox, Complaint ¶¶ 20 - 21 and 34 - 35.

On August 18, 2000, both of the Sampsons terminated their employment with Halox and thereafter formed Dripping Wet Water, Inc. Complaint ¶¶ 23, 37 and 39 - 40 . On August 2, 2001, which is within one year of the non-compete period set forth above in their respective Employee Fidelity and Non-Competition Agreements, the Sampsons filed a United States Patent application, Application No. 09/919,918, which is entitled "Methods for Making Chlorous Acid and Chlorine Dioxide" ("Patent Application") relating to the Halox Technology and claiming the inventions of, incorporating or based upon the Halox Technology that had been disclosed to the Sampsons during their respective employment with Halox and under the scope of their respective

3

Employment Agreements and respective Employee Fidelity and Non-Competition Agreements. Complaint ¶ 41 - 43.

In filing the Patent Application, the Sampsons each represented to the United States Patent and Trademark Office that they were an inventor of the inventions claimed in the Patent Application and that collectively they were the only inventors of the inventions claimed in the Patent Application. Complaint ¶ 44. The Patent Application was published by the United States Patent and Trademark Office on April 3, 2003. Complaint ¶ 45.

The Sampsons, through Dripping Wet Water, Inc., manufacture and sell systems that are based upon or otherwise incorporate, in whole or in part, Halox Technology and, on information and belief, have actively solicited customers of Halox for the sale of such products. Complaint ¶¶ 50 and 53. It is these actions, *inter alia*, by the Sampsons and Dripping West Water that led to the commencement of the instant action.

## II.   ARGUMENT

### A. The Standard for Deciding Motions to Dismiss Under Fed.R.Civ.P. 12(b)(6)

In setting forth the standard for deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court has held:

> [A] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

On-Line Technologies v. Perkins Elmer Corp, et. al., 141 F.Supp.2d 246, 255 (D.Conn 2001). As will be seen, Halox can prove well "beyond doubt" that it is entitled to relief under Counts One, Two and Three of the First Amended Complaint and thus these Counts are not preempted by CUTSA, Conn.Gen.Stat. § 35-57.

4

**B.     The Causes of Action for Conversion, Unjust Enrichment and the Imposition of a Constructive Trust in Counts One, Two and Three Are Not Dependent Upon the Misappropriation of Trade Secrets**

Counts Nine, Ten and Eleven of the First Amended Complaint comprise causes of action based upon allegations of Defendants' respective violation of CUTSA. Complaint ¶¶ 97 through 108. CUTSA provides that "unless otherwise agreed by the parties, the provisions of this chapter supersede any conflicting tort, restitutionary, or other law of this state pertaining to civil liability for misappropriation of a trade secret." Conn.Gen.Stat. § 35-57(a). However, CUTSA goes on to provide that it "does not affect: (1) Contractual or other civil liability or relief that is not based upon misappropriation of a trade secret ..." Conn.Gen.Stat. § 35-57(b)(1). Therefore, only the law that conflicts with CUTSA is preempted. In other words, "[c]onflicting law is that law dealing exclusively with trade secrets" and "[t]o the extent a cause of action exists in the commercial area *not* dependent on trade secrets, the cause continues to exist." Micro Display Systems, Inc. v. Axtel, Inc., et. al., 699 F.Supp. 202, 205 (D.Minn 1988) (emphasis in original); see also On-Line, 141 F.Supp.2d at 261.

With respect to claims of unjust enrichment in Counts One, Two and Three, the Supreme Court of Connecticut has held:

> "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment."

5

Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 550, 661 A.2d 530 (1995).

The Supreme Court has defined conversion as claimed in Counts One, Two and Three as follows:

> [A]n unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm.

Aetna Life & Casualty Co. v. Union Trust Co., 230 Conn. 779, 790-91, 646 A.2d 799 (1994).

The standards governing the imposition of a constructive trust as claimed in Counts One, Two and Three, have been set forth by the Supreme Court as follows:

> [A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy . . . Moreover, the party sought to be held liable for a constructive trust must have engaged in conduct that wrongfully harmed the plaintiff.

Wendell Corp. Trustee v. Thurston, 239 Conn. 109, 113-14, 680 A.2d 1314 (1996).

The claims of conversion, unjust enrichment and the imposition of a constructive trust in Counts One, Two and Three of the First Amended Complaint do not depend on the misappropriation of trade secrets and thus those causes of action must "continue to exist." Micro Display, 699 F.Supp. at 205. For example, under Section 2 of the respective Employee Fidelity and Non-Competition Agreements, Richard Sampson and Allison Sampson both agreed that "[a]ny inventions relating to the business of [Halox] conceived or reduced to practice after [Richard Sampson or Allison Sampson] leaves the employ of [Halox] shall be conclusively deemed to have been conceived and/or reduced to practice during the period of employment if

6

conceived and/or reduced to practice within six (6) months subsequent to termination of employment." Complaint ¶¶ 19 and 33. To the extent that the Patent Application (the filing of which violated the one year non-compete clauses in the respective Employee Fidelity and Non-Competition Agreements) contains any of these inventions, the Defendants have converted such inventions for their own use by the unauthorized assumption and exercise of the right of ownership over the inventions and have been unjustly enriched by retaining a benefit which has come to them at the expense of Halox. Based on such conduct, the imposition of a construction trust over, *inter alia*, the Patent Application is proper.

It is conceivable that such information would not fall within the parameters of CUTSA but could instead be actionable pursuant to Counts One, Two and Three of the First Amended Complaint. This, alone, provides a set of facts that would entitle Plaintiff to relief under Counts One, Two and Three. On-Line, 141 F.Supp.2d at 255. Moreover, as can be seen, this case is distinguishable from both On-Line and Automed Technologies, Inc. v. Eller, 160 F.Supp.2d 915 (N.D.Ill. 2001) as Halox does allege in Counts One, Two and Three that Defendants have received "ill-gotten gains" other than those resulting from any trade secret misappropriation. Defendants' Memorandum, pp. 6 - 8.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Counts One, Two and Three of the First Amended Complaint should be denied and Defendants should be ordered to promptly answer the First Amended Complaint.

//

//

//

                                        Respectfully submitted,
                                        For the Plaintiff

By: _____
      Michael J. Rye (ct 18354)
      Charles F. O'Brien (ct 22074)
      CANTOR COLBURN LLP
      55 Griffin Road South
      Bloomfield, Connecticut 06002
      Telephone: (860) 286-2929

Dated: 12/03/03      Facsimile: (860) 286-0115

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss was served via facsimile and Federal Express on this 3rd day of December, 2003 upon:

        Edward R. Scofield, Esq.
        Zeldes, Needle & Cooper, P.C.
        1000 Lafayette Blvd., Suite 500
        Bridgeport, Connecticut 06604
        Facsimile: (203) 333-1489

By: _____
      Charles F. O'Brien, Esq.