UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HALOX TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DRIPPING WET WATER, INC., <br> RICHARD L. SAMPSON and <br> ALLISON H. SAMPSON, <br><br> Defendants. | Civil Action No. 3:03 CV 01008 (SRU) |
| DRIPPING WET WATER, INC, <br> RICHARD L. SAMPSON and <br> ALLISON H. SAMPSON <br><br> Plaintiffs, <br><br> v. <br><br> HALOX TECHNOLOGIES, INC., <br> PULSAFEEDER, INC., <br> IDEX CORP., and <br> DXP ENTERPRISES, INC. <br><br> Defendants. | Civil Action No. 3:04-cv-00752 (SRU) |

### STIPULATION AND ORDER GOVERNING DISCOVERY
### AND THE USE OF CONFIDENTIAL DISCOVERY MATERIAL

Both parties having stipulated and agreed to the entry of this Protective Order, ("Stipulation and Order");

NOW, THEREFORE, IT IS HEREBY ORDERED, that a Protective Order be entered in this action as follows:

1. <u>Scope of Order Designation</u>. This Stipulation and Order applies to all discovery conducted by the parties and non-parties in this action, including the production of documents and tangible things, the taking of depositions, and answers to interrogatories or requests for admissions ("<u>Discovery Material</u>"), and to the use of Discovery Material. Discovery Material which a party reasonably and in good faith believes contains or reflects a trade secret or other confidential, personal, proprietary or non-public information of a competitively sensitive or otherwise genuinely confidential nature (including, without limitation, research, development, technical, scientific, financial, business, or commercial information) shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the provisions of this Stipulation and Order (all Discovery Material so designated, and all information derived therefrom, shall hereinafter be referred to as "<u>Designated Discovery Material</u>"). For a lengthy document, a party may designate the entire document as protected by the specified classification by marking the first page with the appropriate legend. However, a designation on the first page of any document shall not apply to any exhibits and/or attachments thereto. Each such exhibit and/or attachment must be individually evaluated and designated with the appropriate legend to be so protected.

2. <u>Confidential Information</u>. Discovery Material produced during the course of this action may be designated CONFIDENTIAL within the meaning of this Order by marking the first page or portion of the particular item or a copy thereof as CONFIDENTIAL . All CONFIDENTIAL INFORMATION shall remain confidential and shall not be used except in connection with the preparation for and/or trial of this action or as otherwise ordered by the Court. Discovery Material designated CONFIDENTIAL shall be used by the receiving party solely in connection with this litigation, and not for any business, competitive, or other purposes,

and shall not be disclosed to any third party except as expressly provided by this Stipulation and Order.

3. <u>Description of Confidential Information</u>. The parties agree that CONFIDENTIAL INFORMATION may include, but is not limited to, information in categories such as trade secrets, know-how, and confidential business, personal, financial, marketing, customer, scientific and commercial information.

4. <u>Treatment of Confidential Information</u>. To facilitate discovery in this action while preserving the rights of the parties with respect to CONFIDENTIAL INFORMATION, the parties shall treat CONFIDENTIAL INFORMATION in accordance with the following procedures:

(a) <u>Disclosure Only to Parties, Their Counsel and Experts</u>. CONFIDENTIAL INFORMATION shall be disclosed only to:

    i. court personnel;

    ii. counsel of record (including counsels' partners associates, associated counsel, paralegals, secretarial and clerical personnel);

    iii. the other party but only to the extent that said other party is an individual and provided that said individual has executed the Representation of Confidentiality attached hereto as Exhibit A (a copy of which shall be provided to the disclosing party); and, to the extent the other party is anything other than an individual, no more than five (5) employees of said other party, each of whom has a need to know such information and each of whom has executed the Representation of Confidentiality attached

3

        hereto as Exhibit A (a copy of which shall be provided to the disclosing party); and

iv.    actual or prospective experts or expert witnesses interviewed or retained by counsel for a party to help prepare for and/or to testify at trial of this action, if:

(A)    counsel for the party in good faith believes such disclosure is necessary to prepare for litigation;

(B)    the expert signs a Representation of Confidentiality (Exhibit A) stating that (s)he has read and will be bound by the Stipulation and Order, that (s)he has never been employed by or worked with, as a consultant or otherwise, the disclosing party in any manner, and that (s)he will submit to the jurisdiction of the United States District Court for the District of Connecticut in connection with the enforcement of such Representation of Confidentiality.

(b)    <u>Disclosure to Others Requires Consent</u>.  If counsel for either party in good faith believes it necessary, for the purpose of this action only, to disclose Discovery Material designated as CONFIDENTIAL by a party to any person other than to those provided in paragraph 4(a), counsel shall not do so without first obtaining written permission from counsel for the party that disclosed such material authorizing disclosure of the CONFIDENTIAL INFORMATION; such request for written permission shall be in writing, specify by Bates or other identifying number(s) the particular Discovery Material to be disclosed, the need for disclosure, and the identity of the person to whom it will be disclosed.

  (c) <u>Procedure if Permission Cannot be Obtained</u>.  If the permission described in paragraph 4(b) is refused, the party refusing permission shall state its reasons, in writing.  The parties shall then confer in good faith in an attempt to resolve the matter.  If agreement is not reached the party that requested permission may petition the Court for an order allowing disclosure.

  5. <u>Highly Confidential Information</u>.  Discovery material produced during the course of this action may be designated HIGHLY CONFIDENTIAL within the meaning of this Order by marking the first page or portion of the particular item or a copy thereof as HIGHLY CONFIDENTIAL.

  6. <u>Description of Highly Confidential Information</u>.  HIGHLY CONFIDENTIAL INFORMATION shall include only CONFIDENTIAL INFORMATION of such a sensitive nature that one party reasonably fears potential competitive injury resulting from disclosure to any other party.  Nothing shall be designated as HIGHLY CONFIDENTIAL except for information of the most sensitive nature, which if disclosed to a person of expertise in the relevant area would reveal significant technical or business advantages of the designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposed party.  By way of example, HIGHLY CONFIDENTIAL INFORMATION includes such highly sensitive Discovery Material as trade secret research, manufacturing processes, customer, supplier and financial information.  To the extent that such Discovery Material is prepared in abstract and/or redacted form without disclosing such proprietary information, the parties shall in good faith endeavor to limit the designation to the CONFIDENTIAL level, if it is to be designated at all.  The parties agree that no document or information which was in

existence on or before August 11, 2000 shall be designated HIGHLY CONFIDENTIAL.

7. <u>Treatment of Highly Confidential Information</u>.

    (a)   <u>General</u>. Unless otherwise ordered by the Court, all Discovery Material designated HIGHLY CONFIDENTIAL shall be made available only to:

        i.     counsel of record (including counsels' partners associates, associated counsel, paralegals, secretarial and clerical personnel);

        ii.    actual or prospective experts or expert witnesses interviewed or retained by counsel for a party to help prepare for and/or to testify at trial of this action, if:

            (A)   counsel for the party in good faith believes such disclosure is necessary to prepare for litigation;

            (B)   the expert signs a Representation of Confidentiality (Exhibit A) stating that (s)he has read and will be bound by the Stipulation and Order, that (s)he has never been employed by or worked with, as a consultant or otherwise, the disclosing party, and that (s)he will submit to the jurisdiction of the United States District Court for the District of Connecticut in connection with the enforcement of such Representation of Confidentiality; and

        iii.   court personnel.

    (b)   <u>Disclosure to Parties</u>. Discovery Material designated HIGHLY CONFIDENTIAL shall not be shown to or discussed with the parties, their directors, officers, or employees, or any other persons, in the absence of an order from the court or written authorization by opposing

counsel.

(c) <u>Other Provisions of this Order Govern</u>. All other terms of this Stipulation and Order shall apply to all Discovery Material designated HIGHLY CONFIDENTIAL.

8. <u>Disputes Concerning Designated Discovery Material</u>. A party may at any time challenge the designation or classification of Discovery Material by serving a written objection upon the designating party. If the parties are unable to resolve a dispute concerning designation or classification by agreement within ten (10) calendar days after service of the objection, a party may seek relief from the Court. Designated Discovery Material challenged as improperly designated or classified shall nonetheless be treated pursuant to its classification and remain subject to the provisions of this Stipulation and Order until otherwise ordered by the Court or upon agreement of the parties concerning the challenge. Although under this Stipulation and Order the party opposing or challenging the designation or classification must initiate filing of a motion with the Court, the burden of proof shall remain upon the designating party to establish that the information sought to be protected meets the standards set forth in this Stipulation and Order.

9. <u>Information Not Obtained Through Discovery</u>. Nothing in this Stipulation and Order shall impose any restrictions on the use or disclosure by a party of documents or information obtained by such party independently of the discovery proceedings in this action, or which has become part of the public domain.

10. <u>Disclosure</u>. In addition to other requirements imposed by this Stipulation and Order, each person given access to Designated Discovery Material pursuant to the terms of this Stipulation and Order shall use such Designated Discovery Material only for the purposes of this

litigation, and not disclose or discuss such Designated Discovery Material with any persons other than those already subject to the terms of this Stipulation and Order.

11. <u>Designation of Deposition Testimony</u>

(a) <u>General</u>. Any testimony given in any discovery proceeding in this action may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by making such designation on the record. A party also may make such designation in writing to the reporter if the designations are made within thirty (30) calendar days after the transcript has been made available to counsel for the party making the designation and a notice of such designation is sent to opposing counsel. Whenever any document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is identified as an exhibit in connection with testimony given in a discovery proceeding, it shall be so marked and sealed in a separate envelope.

(b) <u>Transcripts</u>. Each portion of a deposition transcript in which Designated Discovery Material is discussed, referred to, disclosed, or introduced as an exhibit, containing testimony classified in accordance with paragraph 11(a) hereof, shall be separately bound and sealed, together with any document introduced as an exhibit in that portion of the deposition, and shall itself be treated in the manner in which Designated Discovery Material is treated under this Stipulation and Order.

(c) <u>Presumption of Classification</u>. All testimony elicited and exhibits introduced during any discovery proceeding in this action shall be deemed HIGHLY CONFIDENTIAL until the expiration of thirty (30) calendar days after the transcript of such testimony has been received by all counsel.

12. <u>Designation at Hearing or Trial</u>. A party that intends to introduce its own

Designated Discovery Material at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. In the event that a party intends to introduce an opponent's Designated Discovery Material, it shall notify the opponent prior to the time at which it intends to introduce the opponent's Designated Discovery Material. If the opponent desires to maintain the confidentiality of this material, it shall be responsible for taking appropriate measures with the Court to maintain confidentiality.

13. <u>Persons Who May Be Excluded During Oral Testimony</u>. Whenever Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be referred to or disclosed in a discovery proceeding, any party asserting these classifications may exclude from the room any person who is not entitled to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

14. <u>Filing Under Seal</u>. If Designated Discovery Material or information derived therefrom is to be included in any papers to be filed with the Court, including without limitation, motions, briefs, or affidavits, such papers shall be filed only in sealed envelopes on which shall be endorsed the caption of this action, a general description of the contents of the envelope, and the legend: "CONFIDENTIAL — FILED UNDER SEAL — SUBJECT TO COURT ORDER. THIS ENVELOPE IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY WRITTEN AGREEMENT OF ALL PARTIES."

15. <u>Order Effective Upon Signing</u>. This Stipulation and Order is immediately binding upon the party or parties signing it. The parties to the Stipulation and Order agree to act pursuant to the terms of this Stipulation and Order pending its approval by the Court. Nothing in this

Stipulation and Order shall enlarge or impair any party's remedies with respect to any violation of this Stipulation and Order.

16. <u>Production of Documents for Inspection</u>. With respect to documents produced for inspection by a party, the producing party need not designate such documents pursuant to this Stipulation and Order until the inspecting party requests copies of particular documents. Production of documents for inspection shall not constitute a waiver of any claim of confidentiality, and all documents produced for inspection by a party shall be treated as though designated HIGHLY CONFIDENTIAL until copies are produced which are designated as permitted by this Stipulation and Order.

17. <u>Inadvertent Production</u>. The parties shall make a good-faith effort to designate Discovery Material properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of Discovery Material without any, or the appropriate, classification, regardless of whether the Discovery Material was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information contained therein, and the parties shall, upon notice, thereafter treat such Discovery Material according to the correct designation and classification. A receiving party shall make a good-faith effort to locate and mark appropriately any Discovery Material upon receipt of such notice.

18. <u>Binding Nature of Protective Order</u>. This Stipulation and Order, once entered by the Court, shall remain in effect unless modified by Order of the Court on motion of any party provided, however, that this Stipulation and Order shall not be construed: (a) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to

its disclosure by the producing party; (b) to apply to information that becomes publicly known through no fault of any party or its counsel; or (c) to apply to information which any party or its counsel has lawfully obtained since disclosure by the producing party. The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate. The Court shall retain jurisdiction to resolve any disputes concerning the disposition of Designated Discovery Material after the termination of this action.

19. <u>Return of Designated Discovery Material</u> Within sixty (60) calendar days of the final termination of this action, including the final disposition of any and all appeals, all Designated Discovery Material (including any and all copies, abstracts or summaries thereof, or other information derived therefrom) shall be returned to counsel for the party or witness who initially produced such Discovery Material or shall be destroyed, unless the parties shall have agreed upon other methods for the disposition of such material; provided, however, that counsel of record may retain pleadings, papers filed with the Court, and any work product, attorney-client communications, expert work product, and copies thereof, which shall remain subject to this Stipulation and Order.

| For Plaintiff, | For Defendants, |
|---|---|
| _____ | _____ |
| Michael J. Rye (ct 18354) | Edward R. Scofield (ct 00455) |
| Charles F. O'Brien (ct 22074) | Zeldes, Needle & Cooper |
| CANTOR COLBURN LLP | 1000 Lafayette Boulevard |
| 55 Griffin Road South | Post Office Box 1740 |
| Bloomfield, Connecticut 06002 | Bridgeport, Connecticut 06601 |
| Telephone: (860) 286-2929 | Telephone: (203) 333-9441 |
| Facsimile: (860) 286-0115 | Facsimile: (203) 333-1489 |
| Date: 7/28/04 | Date: 7/30/04 |

SIGNED AND ENTERED this ___ day of _____, 200__

_____
Stefan R. Underhill, U.S.D.J.

EXHIBIT A
REPRESENTATION OF CONFIDENTIALITY

I hereby acknowledge that I am to receive information and/or documents designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL pursuant to the terms of the Stipulation and Order Governing Discovery And The Use of Confidential Discovery Material, dated _____, 200__, in an action styled <u>Halox Technologies, Inc. v. Dripping Wet Water, Inc., Richard L Sampson and Allison H. Sampson</u>, pending in the United States District Court for the District of Connecticut, Civil Action No.3:03 CV 01008 (SRU) and <u>Dripping Wet Water, Inc., Richard Sampson and Allison Sampson Halox Technologies, Inc. v. Halox Tech, Inc., Pulsafeeder, Inc., IDEX Corp., and DXP Enterprises, Inc.</u>, pending in the United States District Court for the District of Connecticut, Civil Action No.3:04-cv-00752 (SRU). If and to the extent that I am receiving information and/or documents designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL in this matter as an actual or prospective expert or expert witness pursuant to Section 4(a)(iv) and/or Section 7(a)(ii), I hereby represent that I have never been employed by or worked with, as a consultant or otherwise, the party that has disclosed such information.

I acknowledge receipt of a copy of the Stipulation and Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein. I further agree to submit to the jurisdiction of the United States District Court for the District of Connecticut, in connection with the enforcement of this Representation of Confidentiality, and agree that this Representation may be enforced against me by the party whose information will be disclosed to

me.

      Signed under the pains and penalties of perjury this ___ day of _____, 200__.

                                                              By: _____
                                                                          Signature

                                                  _____
                                                           Print Name

CERTIFICATION

This is to certify that a copy of the foregoing has been sent via U.S. First Class Mail, postage prepaid, on this date, to:

>Michael J. Rye, Esq.
>Charles F. O'Brien, Esq.
>Cantor & Colburn LLP
>55 Griffin Road South
>Bloomfield, CT 06002
>
>R. Laurence Macon, Esq.
>Akin, Gump, Strauss, Hauer & Feld
>1500 Nationsbank Plaza
>300 Covent St., Suite 1500
>San Antonio, TX 78205

Dated at Bridgeport, Connecticut on this 30th day of July, 2004.

_/s/ Edward R. Scofield_
Edward R. Scofield