UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HALOX TECHNOLOGIES, INC., <br><br> Plaintiff and <br> Counterclaim Defendant, <br><br> v. <br><br> DRIPPING WET WATER, INC., <br> RICHARD L. SAMPSON and <br> ALLISON H. SAMPSON, <br><br> Defendants and <br> Counterclaim Plaintiffs <br><br> v. <br><br> PULSAFEEDER, INC. and <br> IDEX CORP. <br><br> Additional Counterclaim Defendants | Civil Action No. 3:03 CV 01008(SRU) |

**ANSWER AND AFFITMATIVE DEFENSES TO**
**COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant, Halox Technologies, Inc. and Additional Counterclaim Defendants, Pulasfeeder, Inc. and IDEX Corp. (collectively "Counterclaim Defendants") hereby answer the Counterclaim of Dripping Wet Water, Inc., Richard L. Sampson, and Allison H. Sampson (collectively "Counterclaim Plaintiffs"). The following enumerated paragraphs are responsive to the correspondingly numbered paragraphs of the Counterclaim:

1. Counterclaim Defendants admit the allegations in Paragraph 1.

2. Counterclaim Defendants admit the allegations in Paragraph 2.

3. Counterclaim Defendants admit the allegations in Paragraph 3.

4. Counterclaim Defendants admit the allegations in Paragraph 4.

5. Counterclaim Defendants admit the allegations in Paragraph 5.

6. Counterclaim Defendants admit that Pulsafeeder is a Delaware corporation but deny the remaining allegations in Paragraph 6.

7. Counterclaim Defendants admit the allegations in Paragraph 7.

8. Counterclaim Defendants admit the allegations in Paragraph 8.

9. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 9.

10. Counterclaim Defendants admit that Richard Sampson and Allison Sampson were involved in the founding of Halox Technologies Corporation ("HTC").

11. Counterclaim Defendants admit the allegations in Paragraph 11.

12. Counterclaim Defendants admit that an asset of HTC was a patent which issued in May of 1995 and on which Richard Sampson and Allison Sampson were named as inventors and deny the remaining allegations contained in Paragraph 12.

13. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 13.

14. Counterclaim Defendants deny the allegations in Paragraph 14.

15. Counterclaim Defendants admit that in or about March 2002, assets of HTC were acquired by Counterclaim Defendant IDEX Corporation, but deny the remaining allegations in Paragraph 15.

16. Counterclaim Defendants admit the allegations in Paragraph 16.

17. Counterclaim Defendants admit the allegations in Paragraph 17.

18. Counterclaim Defendants admit that a patent application was filed in August 2001 and that the portion of the claimed invention that covers the technology owned by Halox represented an innovative approach to chlorine dioxide generation for water disinfection. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the remaining allegations contained in Paragraph 18.

19. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 19.

20. Counterclaim Defendants admit that the Sampson's and DWW attended the association of Water Technologies ("AWT") Tradeshow in Dallas, TX on or about October 9-13, 2001. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the remaining allegations contained in Paragraph 20.

21. Counterclaim Defendants admit that Dripping Wet Water, Inc.'s ("DWW") had a display booth at the AWT show and that a representative of HTC visited DWW's display booth and collected literature. Counterclaim Defendants deny the remaining allegations contained in Paragraph 21.

22. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 22.

23. Counterclaim Defendants admit the allegations in Paragraph 23.

24. Counterclaim Defendants admit that Paul Beldham and Steve Ebersol visited the DWW booth and were employed by and acting on behalf of Pulsafeeder. Counterclaim Defendants deny the remaining allegations contained in Paragraph 24.

25. Counterclaim Defendants admit that Beldham and Richard Sampson had a conversation regarding exploring a business arrangement but deny that Beldham approached Richard Sampson to inquire about such an arrangement. Counterclaim Defendants admit that the Sampsons generally explained the product to Paul Beldham, Steve Ebersol and Marta Broge and that Marta Broge was involved in the acquisition by IDEX of Halox. Counterclaim Defendants deny the remaining allegations contained in Paragraph 25.

26. Counterclaim Defendants admit that Beldham and Richard Sampson had a conversation after the AWT show but deny that Beldham "followed up" with Richard Sampson. Counterclaim Defendants admit that Felix DiMascio, a Halox employee, visited the Sampsons and DWW. Counterclaim Defendants deny the remaining allegations contained in Paragraph 26.

27. Counterclaim Defendants deny the allegations contained in Paragraph 27.

28. Counterclaim Defendants deny the allegations contained in Paragraph 28.

29. Counterclaim Defendants admit the allegations in Paragraph 29.

30. Counterclaim Defendants admit the allegations in Paragraph 30.

31. Counterclaim Defendants admit the allegations in Paragraph 31.

32. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 32.

33. Counterclaim Defendants admit that Sampsons and DWW allowed DiMascio to access their manufacturing facility, demonstrated operation of a unit and answered DiMascio's questions about the technology. Counterclaim Defendants deny that DiMascio represented that he was impressed with the product and that he intended to recommend that the two companies do business together. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 33.

34. Counterclaim Defendants admit that Beldham had a phone conversation with Richard Sampson but deny all remaining allegations in Paragraph 34.

35. Counterclaim Defendants deny the allegations in Paragraph 35.

36. Counterclaim Defendants deny the allegations in Paragraph 36.

37. To the extent that the Product incorporates technology owned by Halox, Counterclaim Defendants deny the allegations in Paragraph 37. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the allegations contained in Paragraph 37.

38. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 38.

39. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 39.

40. Counterclaim Defendants admit the allegations in Paragraph 40.

41.     Counterclaim Defendants admit that a PowerPoint presentation was created in 2003 which was based in part on DiMascio's report and which compared the DWW product to the Halox product. Counterclaim Defendants deny the remaining allegations contained in Paragraph 41.

42.     Counterclaim Defendants admit that at least one sales representative of Halox saw the DiMascio report and that the PowerPoint presentation was shown to two third parties. Counterclaim Defendants deny the remaining allegations contained in Paragraph 42.

43.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 43.

44.     Counterclaim Defendants deny the allegations in Paragraph 44.

45.     Counterclaim Defendants deny the allegations in Paragraph 45.

46.     Counterclaim Defendants admit that DiMascio filed a patent application in September 2002 with the consent and approval of Halox but deny the remaining allegations in Paragraph 46.

47.     Counterclaim Defendants deny the allegations in Paragraph 47(a) through and including Paragraph 47(f).

48.     Counterclaim Defendants deny the allegations in Paragraph 48.

49.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 49.

50.     Counterclaim Defendants deny the allegations in Paragraph 50(a) through and including Paragraph 50(b).

51.   Counterclaim Defendants deny the allegations in Paragraph 51.

51.   [SIC] Counterclaim Defendants deny the allegations in Paragraph 51.

52.   Counterclaim Defendants deny the allegations in Paragraph 52.

## FIRST COUNT

1-52.   Counterclaim Defendants repeat and incorporate their answers to the allegations contained in Paragraphs 1 through 52 of the Counterclaim as if said answers were fully set forth herein.

53.   Counterclaim Defendants deny the allegations in Paragraph 53.

54.   Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 54.

55.   Counterclaim Defendants deny the allegations in Paragraph 55.

56.   Counterclaim Defendants deny the allegations in Paragraph 56.

57.   Counterclaim Defendants deny the allegations in Paragraph 57.

58.   Counterclaim Defendants deny the allegations in Paragraph 58.

59.   Counterclaim Defendants deny the allegations in Paragraph 59.

60.   Counterclaim Defendants deny the allegations in Paragraph 60.

61.   Counterclaim Defendants deny the allegations in Paragraph 61.

62.   Counterclaim Defendants deny the allegations in Paragraph 62.

63.   Counterclaim Defendants deny the allegations in Paragraph 63.

## SECOND COUNT

1-63. Counterclaim Defendants repeat and incorporate their answers to the allegations contained in Paragraphs 1 through 63 of the Counterclaim as if said answers were fully set forth herein.

64. Counterclaim Defendants deny the allegations in Paragraph 64.

65. Counterclaim Defendants deny the allegations in Paragraph 65.

66. Counterclaim Defendants deny the allegations in Paragraph 66.

67. Counterclaim Defendants deny the allegations in Paragraph 67.

68. Counterclaim Defendants deny the allegations in Paragraph 68.

69. Counterclaim Defendants deny the allegations in Paragraph 69.

70. Counterclaim Defendants deny the allegations in Paragraph 70 (a) through and including Paragraph 70 (k).

71. Counterclaim Defendants deny the allegations in Paragraph 71.

## THIRD COUNT

1-71. Counterclaim Defendants repeat and incorporate their answers to the allegations contained in Paragraphs 1 through 71 of the Counterclaim as if said answers were fully set forth herein.

72. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 72.

73. Counterclaim Plaintiffs have failed to allege sufficient facts to identify the "relationships" for Counterclaim Defendants to admit or deny such allegations, and therefore Counterclaim Defendants deny the allegations contained in Paragraph 73.

74. Counterclaim Defendants deny the allegations in Paragraph 74.

75. Counterclaim Defendants deny the allegations in Paragraph 75.

76. Counterclaim Defendants deny the allegations in Paragraph 76 (a) through and including Paragraph 76 (c).

77. Counterclaim Defendants deny the allegations in Paragraph 77.

## FOURTH COUNT

1-77. Counterclaim Defendants repeat and incorporate their answers to the allegations contained in Paragraphs 1 through 77 of the Counterclaim as if said answers were fully set forth herein.

78. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 78.

79. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations contained in Paragraph 72.

80. Counterclaim Defendants deny the allegations in Paragraph 80.

81. Counterclaim Defendants deny the allegations in Paragraph 81.

82. Counterclaim Defendants deny the allegations in Paragraph 82 (a) through and including Paragraph 82 (f).

83. Counterclaim Defendants deny the allegations in Paragraph 83.

## FIFTH COUNT

1-83.   Counterclaim Defendants repeat and incorporate their answers to the allegations contained in Paragraphs 1 through 83 of the Counterclaim as if said answers were fully set forth herein.

84.   Counterclaim Defendants deny the allegations in Paragraph 84.

85.   Counterclaim Defendants deny the allegations in Paragraph 85.

## SIXTH COUNT

1-85.   Counterclaim Defendants repeat and incorporate their answers to the allegations contained in Paragraphs 1 through 85 of the Counterclaim as if said answers were fully set forth herein.

86.   As the allegations contacted in Paragraph 86 require a legal conclusion, Counterclaim Defendants neither admit nor deny the allegations contained in Paragraph 86.

87.   Counterclaim Defendants deny the allegations in Paragraph 87.

88.   Counterclaim Defendants deny the allegations in Paragraph 88.

89.   Counterclaim Defendants deny the allegations in Paragraph 89.

90.   Counterclaim Defendants deny the allegations in Paragraph 90.

## SEVENTH COUNT

1-90.   Counterclaim Defendants repeat and incorporate their answers to the allegations contained in Paragraphs 1 through 90 of the Counterclaim as if said answers were fully set forth herein.

91.   Counterclaim Defendants deny the allegations in Paragraph 91.

92.   Counterclaim Defendants deny the allegations in Paragraph 92.

## EIGHTH COUNT

93. Counterclaim Defendants repeat and incorporate their answers to the allegations contained in Paragraphs 1 through 92 of the Counterclaim as if said answers were fully set forth herein.

94. Counterclaim Defendants deny the allegations in Paragraph 94.

95. Counterclaim Defendants deny the allegations in Paragraph 95.

## AFFIRMATIVE DEFENSES

By way of further Answer and Affirmative Defenses, Counterclaim Defendants asserts that Counterclaim Plaintiffs have failed to state a claim upon which relief can be granted against Counterclaim Defendants.

## DEMAND FOR JURY TRIAL

Counterclaim Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

For Counterclaim Defendants,
Halox Technologies, Inc.
Pulsafeeder, Inc., and
IDEX Corp.

_____
Michael J. Rye (ct 18354)
Charles F. O'Brien (ct 22074)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115
Email: cobrien@cantorcolburn.com

Date: 7/8/05

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Answer and Affirmative Defenses to Counterclaim Plaintiffs' Counterclaims was served via first class mail on this 8th day of July, 2005 upon:

                Edward R. Scofield, Esq.
                Zeldes, Needle & Cooper, P.C.
                1000 Lafayette Blvd., Suite 500
                Bridgeport, Connecticut 06604

By: _____
      Charles F. O'Brien, Esq.